George A. Kellogg, Appellee, v. National Fire Insurance Company of Hartford, Appellant.

No. 44291.

June 21, 1938.

Kimball, Peterson, Smith & Peterson and Roy E. Havens, for appellant.

William P. Welch, for appellee.

MITCHELL, J.—Plaintiff commenced this action at law against defendant upon a policy of collision insurance issued to him, claiming he had sustained damages to the extent of $1,000.

There was a trial to a jury, which returned a verdict in the amount of $950, and the insurance company being dissatisfied, has appealed.

The appellant company admitted it issued to appellee its policy of insurance, insuring him against loss by collision on a certain Model 81 1936 Buick sedan, and that the policy was in force at the time of the collision complained of; that the policy provided, among other things, that appellee should stand the first $50 damages in the event of any collision.

On the 28th day of December 1935, the automobile described in the insurance policy was damaged in a collision.

The sole question before the court was the measure of damages. It is the claim of the appellant company that appellee's recovery was limited to the sum of $620 less the $50, the amount appellee agreed under the policy he would stand in event of any collision, because of the fact that the insured made a trade with an automobile dealer for a new car; and that the court erred in failing to give a requested instruction, directing the jury that it could not return a verdict in excess of that amount.

The court gave the following instruction:

"No. 5. The first question to be determined by you, is whether or not the automobile of plaintiff could, by repair, have been placed in as good condition as it was before the injury, which question you are to determine from the evidence before you, in accordance with the rules herein given you.

"In this connection if you find from the evidence before you, under the rules herein given you, that the automobile of the plaintiff herein could have been repaired, so that, when repaired, it would have been in as good condition as it was before the collision, then the amount to be recovered by the plaintiff for damages will be such amount as the evidence shows was the fair and reasonable cost to then repair or replace the injured and damaged parts thereof with others of like kind and quality.

"If you find from the evidence before you, under the rules herein given you, that the automobile of plaintiff could not, by repair, be placed in as good condition as it was in before the

collision, then the amount to be recovered by the plaintiff for damages will be such amount as the evidence shows was the difference between the fair and reasonable market value of plaintiff's automobile immediately before the collision in question and the fair and reasonable market value thereof immediately thereafter, in the vicinity of such collision.

"In this connection you are further instructed that said policy, exhibit A, provides that the plaintiff shall stand the first $50.00 damages incurred in the event of a collision. In accordance with said provision of the policy, after you have determined the amount of damages sustained by plaintiff, in accordance with the rules hereinbefore given you, you must then deduct therefrom the sum of $50.00."

In giving the instruction above set out, the lower court was right. The fallacy of appellant company's claim is shown by the fact that there is evidence in the record the car could not be repaired and that before the accident it was worth the sum of more than $1800 and after the accident it was worth only $600. In view of such a record, clearly, the court was right in the instruction it gave, and there was evidence upon which the jury could base the verdict it returned, to wit: the sum of $950. It necessarily follows that the judgment must be, and it is hereby, affirmed.—Affirmed.

ANDERSON, KINTZINGER, HAMILTON, RICHARDS, DONEGAN, and SAGER, JJ., concur.

MILLER, J., takes no part.